IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GAIL PARKERSON PLAINTIFF

v. Case No. 6:25-cv-6112

HS STAYBRIDGE HOTEL, LLC;
IHG MANAGEMENT, LLC;
HALEY TALMON; GARLAND COUNTY;
SHERIF MIKE MCCORMICK;
INVESTIGATOR CHASE MATTHEWS; and
JOHN DOES 1-25 DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 8. Plaintiff has responded with objections. ECF No. 9. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. She is representing herself in this matter and is seeking *in forma pauperis* ("IFP") status. Magistrate Judge Ford conducted a preservice screening pursuant to 28 U.S.C. § 1915(e)(2) and recommends that Plaintiff's Application to Proceed IFP (ECF No. 4) be denied and Plaintiff's complaint dismissed without prejudice. ECF No. 8.

Plaintiff has filed a 79-page complaint alleging a mix of 28 U.S.C. § 1983 claims and state law tort claims against both private parties and state actors. A brief recitation of the facts taken from Plaintiff's complaint is as follows. Plaintiff checked into the Hot Springs Staybridge Hotel on October 18, 2024. Plaintiff asked if she could access a storage closet to store some of her personal effects, and on October 23, 2024, the hotel gave her a key to a storage closet. Plaintiff

placed some of her belongings in the storage closet. On October 25, 2024, Plaintiff returned her rented SUV. Plaintiff planned to stay another week in the hotel as she had booked a reservation through Priceline.

Minutes before her reservation for the second week was set to begin, Defendant Haley Talmon, the property manager, informed Plaintiff that she must leave the property. Initially, Defendant Talmon told Plaintiff the reason she must leave is that she had posted bad reviews for the hotel. Plaintiff, however, had not left any reviews, and Defendant Talmon later told Plaintiff that she must leave the property because she lives in Hot Springs. Plaintiff explained that she had lived in Florida for the past six to seven years and had just returned to Hot Springs. Defendant Talmon still insisted that Plaintiff leave the property. Defendant Talmon advised Plaintiff that Defendant Talmon had a relative at the Garland County Sheriff's Department, who she could call to evict Plaintiff. Plaintiff then ordered a rental SUV and began packing her belongings.

Defendant Talmon called 911 to report Plaintiff for trespassing, and Defendant Deputy Chase Matthews ("Deputy Matthews") was dispatched to the hotel. Talmon told Deputy Matthews that Plaintiff was no longer a paying customer and that Plaintiff was trespassing. Deputy Matthews found Plaintiff in her room packing her things and threatened to arrest her for trespassing if she did not leave. He then escorted her out of the hotel to the far side of the hotel property. He advised Plaintiff that if she went back inside the hotel, she would be trespassing. She asked Deputy Matthews if she could walk to her luggage trolley, located closer to the hotel. He told her if she went to the luggage trolley on the hotel property, he would arrest her. Deputy Matthews then left the property. Eventually, Defendant Talmon brought Plaintiff's purse to her and moved her belongings off the luggage trolley and closer to Plaintiff. Plaintiff waited outside the hotel for her rental vehicle to arrive and then vacated the premises.

Plaintiff sets out nine causes of action in her complaint: (1) abuse of process under Ark. Code Ann. § 12-10-315; (2) breach of contract; (3) defamation under "Arkansas common law;" (4) negligence under Arkansas law; (5) intentional infliction of emotional distress; (6) false imprisonment; (7) trespass to chattels; (8) false light invasion of privacy under Arkansas law; and (9) § 1983 claims for violations of the Fourth and Fourteenth Amendments.

Judge Ford recommends that Plaintiff's IFP motion (ECF No. 4) be denied and this case be dismissed on the grounds that it is frivolous and fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 8. Plaintiff objects to this recommendation. ECF No. 9.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The

Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual seeks leave to proceed IFP. On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

The Court will begin by discussing the § 1983 claims against Defendants HS Staybridge Hotel, LLC; IHG Management, LLC; and Haley Tolman. The Court will then discuss the § 1983 claims against Deputy Matthews, Sheriff Mike McCormick, and Garland County. The Court will end by discussing the remaining state law claims.

### A. Private Actors (§ 1983 Claims)

Judge Ford concluded that Plaintiff's § 1983 claims against Defendants HS Staybridge Hotel, LLC; IHG Management, LLC; and Haley Tolman are subject to dismissal because these Defendants are not state actors. Upon *de novo* review, the Court agrees.

To state a claim for relief under 28 U.S.C. § 1983, Plaintiff must allege sufficient facts to show that Defendants, acting under color of state law, deprived Plaintiff of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A private actor may be liable under § 1983 only if he or she is a "willful participant in joint activity with the State in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline Univ.*, 747 F.3d 532, 536 (8th Cir. 2014). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, there was a mutual understanding, or a meeting of the minds, between the private

party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In her objections, Plaintiff argues that Deputy Matthews and Defendant Tolman acted jointly in that Deputy Matthews enforced Defendant Tolman's "directives." ECF No. 9, p. 15. She further concludes that "[j]oint action between private and state actors constitutes state action under § 1983." ECF No. 9, p. 8. However, Plaintiff has not alleged any facts in her complaint stating a plausible claim that Defendants HS Staybridge Hotel, LLC; IHG Management, LLC; and Haley Tolman willfully participated in joint activity with Deputy Matthews to deny Plaintiff's constitutional rights. "A private person does not conspire with a state official merely by involving an exercise of the state official's authority." *Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002) (quoting *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980)). Defendant Tolman did not conspire with Deputy Matthews by calling law enforcement to assist with eviction, *see Young*, 284 F.3d at 870 (finding that the plaintiff presented no evidence beyond calling police to support proposition that security guard conspired with police to violate the plaintiff's civil rights), and Plaintiff has not alleged that there was a mutual understanding between Defendant Tolman and Deputy Matthews to engage in conduct that deprived Plaintiff of her constitutional rights. In other words, nothing in Plaintiff's complaint suggests any actionable conduct by Tolman that is attributable to state action.

Accordingly, the Court agrees with Judge Ford's determination that Defendants HS Staybridge Hotel, LLC; IHG Management, LLC; and Haley Tolman, as private actors, are not subject to suit under § 1983.

**B. State Actors (§ 1983 Claims)**

Plaintiff claims that Deputy Matthews violated her Fourth Amendment rights when he "forcibly removed [her] from the premises" and restricted "her movements . . . without probable

cause." ECF No. 2, p. 58. Judge Ford determined that Plaintiff failed to state plausible Fourth Amendment claims for excessive force and unlawful seizure. Upon *de novo* review, the Court agrees with this determination.

"To state an excessive force claim under the Fourth Amendment, a plaintiff must show that an officer's use of force was 'objectively unreasonable, given the facts and circumstances of the particular case, as judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Waters v. Madson*, 921 F.3d 725, 739 (8th Cir. 2019) (quoting *Chambers v. Pennycook*, 641 F.3d 898, 905-06 (8th Cir. 2011)). Here, in her complaint, Plaintiff fails to provide factual allegations regarding the amount of force used. Further, Plaintiff does not allege any physical injuries because of Deputy Matthews's conduct. Plaintiff's cursory allegation that she was "forcibly removed from the premises" is not sufficient to allow the Court to determine that any force used against Plaintiff was excessive. Further, "a de minimus use of force cannot form the basis for a Fourth Amendment excessive force claim." *Id.* at 741. The Court agrees with Judge Ford that Plaintiff fails to state a plausible Fourth Amendment excessive force claim. Plaintiff does not specifically object to this determination regarding excessive force. ECF No. 9, pp. 10-11.

Plaintiff claims that Deputy Matthews violated her Fourth Amendment right to be free from unreasonable seizures. ECF No. 2, p. 58. Judge Ford determined that Deputy Matthews did not unlawfully seize Plaintiff when he escorted her off the premises and restricted her movement in an area where she no longer had the right to be. Plaintiff does not specifically object to this determination but instead states that Deputy Matthews "threatened arrest repeatedly" and "intimidated" her. ECF No. 9, p. 11. Generally, however, "police harassment, without more, cannot form a basis for a § 1983 cause of action." *Lightfeather v. City of Lincoln*, 4:20CV3118,

2021 WL 2077680, at *3 (D. Neb. May 24, 2021) (quoting *Harris v. City of Chicago*, 01 C 7527, 2002 WL 31001888, at * 3 (N.D. Ill. Sept. 3, 2002)). The Court agrees with Judge Ford that Deputy Matthews did not unlawfully seize Plaintiff when he escorted her off the premises.

Plaintiff further claims that Deputy Matthews unlawfully seized her property when he prevented her from accessing her belongings on the luggage trolley located on the hotel property. "[A] Fourth Amendment seizure of property 'occurs when there is some meaningful interference with an individual's possessory interests in that property.'" *United States v. Va Lerie*, 424 F.3d 694, 701 (8th Cir. 2005) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Because there must be a meaningful interference with an individual's possessory interests, "not all police interference with an individual's property constitutes a Fourth Amendment seizure, i.e., the police do not seize property every time they handle private property." *Id.* at 706. Plaintiff does not allege how long she was denied access to her belongings, including her purse, that were on the luggage trolley. However, by the time the rental SUV arrived, Defendant Tolman had retrieved Plaintiff's belongings, including her purse, from the luggage trolley and moved them closer to Plaintiff. When Plaintiff left the premises in the rental SUV, she left with her belongings.[1] It is impossible for the Court to determine from the complaint, even accepting all factual allegations as true, that there was some meaningful interference with Plaintiff's possessory interests in her personal property. Consequently, the Court must find that Plaintiff fails to state a plausible Fourth Amendment claim against Deputy Matthews for seizure of her property.

As to her Fourteenth Amendment procedural due process claim, Plaintiff summarily alleges in her complaint that she "was denied procedural protections despite her lawful status as a paying guest" and was "removed without notice, hearing, or any opportunity to contest the

---

[1] Although Plaintiff claims that some items were missing from her purse, she does not allege that Deputy Matthews took these items.

eviction." ECF No. 2, p. 59. Judge Ford does not address this allegation in the Report and Recommendation, but the Court will address it here. To state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must first allege that the state deprived him or her of some protected "life, liberty, or property" interest, and then must allege that the state deprived him or her of that interest without sufficient process. *Krentz v. Robertson*, 228 F.3d 897, 902 (2000). As to the first prong, a plaintiff must show that the property interest at issue is a protected property interest under state law. *See Craft v. Wipf*, 836 F.2d 412, 416 (8th Cir. 1987). Here, Plaintiff does not clearly identify what protected property interest she has been deprived of. Further, with respect to the second prong, Plaintiff fails to identify what process she was constitutionally due. Accordingly, the Court finds that Plaintiff fails to state a plausible Fourteenth Amendment due process claim.

In her complaint, Plaintiff seeks to hold Defendants Sheriff Mike McCormick and Garland County liable for Defendant Deputy Matthews's conduct under a theory of respondeat superior. ECF No. 2, p. 32 ("Garland County Sheriff Mike McCormick is ultimately responsible for the conduct and accountability of all personnel within his department.) However, neither counties nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior. *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). Accordingly, the claims against Defendants Sheriff Mike McCormick and Garland County must be dismissed.

**C. State Law Claims**

Plaintiff alleges several claims under Arkansas law. However, there is no indication from the complaint that the parties are diverse of citizenship. *See* 28 U.S.C. § 1332. Thus, the sole basis for the Court's jurisdiction over the remaining state law claims is 28 U.S.C. § 1367(a), which permits a district court to exercise supplemental jurisdiction over claims that are a part of the same case or controversy as the claims that fall within the district court's original jurisdiction. Under

28 U.S.C. § 1367(c)(3), the Court may, in its discretion, decline to exercise supplemental jurisdiction over remaining state law claims when all claims over which it has original jurisdiction have been dismissed. Because the Court is dismissing Plaintiff's federal claims, which are her § 1983 claims, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims. The Court will dismiss these claims without prejudice to reassertion in state court.

## IV. CONCLUSION

Upon review, the Court adopts the Report and Recommendation (ECF No. 8) *in toto*. Accordingly, Plaintiff's Application to Proceed IFP (ECF No. 4) is **DENIED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of September, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge